In re Estate of FEELEY, Deceased.

No. 7953; May 20, 1884.

3 Pac. 876.

**Executor's Account—Proceedings to Settle.**—Evidence held insufficient to justify the decision and findings.

APPEAL from the Superior Court of Santa Cruz County.

This was a proceeding for the settlement of the account of the executor of this estate. Objections were filed to said account, and thereafter the court duly settled such account. From such settlement, and the orders and findings thereon, the executor appeals.

W. D. Story and Moore, Laine & Johnston for appellant; Z. N. Goldsay and J. A. Barham for respondent.

By the COURT.—Appellant urges that the court found, against the evidence, that the executor was to be charged with seventeen and three-quarters acres of land, "a little more or less"; that the court finds, and "there is no dispute," that Pagels bought the two-acre piece; that one acre was washed away without the fault of the executor; and that "there was no dispute" but the railroad purchased four and one-half acres. But the court found that Pagels bought the one-acre tract, "a little more or less," and the executor swore: "I received one hundred and eighty dollars from Pagels for the one acre, sold by order of the court." Take from the twenty-three acres, of which deceased was seised at his death, the one acre sold to Pagels, the one acre washed away, and the four and one-quarter acres sold to the railroad company, and there would remain sixteen and three-quarters acres. The specification of insufficiency of evidence in the statement, on motion for a new trial, is to the effect that the executor should not be charged with a greater quantity of land than sixteen and three-quarters acres; and the statement for new trial avers that there was evidence "showing" that there was left "in the hands of the executor" sixteen and three-quarters acres. It would seem, therefore, that the court should have

found sixteen and three-quarters instead of seventeen and one-half acres as being all the land remaining in possession of the executor. But while the court found that of the twenty-acre tract one acre had been washed away and four and one-half acres had been sold to the railroad in 1874—leaving of that tract fourteen and one-half acres—it charged the executor with the rental value of seventeen and three-quarters acres of the twenty-acre tract from June, 1871, and also charged him with the value of the use of the two-acre tract for a portion of the same time.

There is no finding as to the one hundred and seventy dollars alleged to have been stolen from the executor, nor as to the item of about twenty-five dollars contested.

The interests of justice demand a new trial of the issue. Order reversed and new trial granted.